UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| INDIANA MEMBERS CREDIT UNION, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:06-cv-1503-SEB-VSS |
| ) | |
| VICTOR WAKLEY and ) | |
| JULIE WAKLEY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| VICTOR WAKLEY and ) | |
| JULIE WAKLEY, ) | |
| ) | |
| Counter-Claim Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| INDIANA MEMBERS CREDIT UNION ) | |
| INDIANA MEMBERS LEASING ) | |
| STEPHEN J. HYATT (Individual) ) | |
| BOB COLLIERS (Individual) ) | |
| MADISON AVENUE ASSOCIATES, INC. ) | |
|   COLLECTION AGENCY ) | |
| ALL MEMBERS JOHN AND JANE(S) (to be ) | |
|   named individually of Indiana Members ) | |
|   Credit Union) ) | |
| TRI STATE AUTO RECOVERY, INC. ) | |
| PATRICK EMMETT (Individual) ) | |
| MARION COUNTY SHERIFF'S DEPARTMENT) | |
| INDIANA DEPARTMENT OF FINANCIAL ) | |
|   INSTITUTIONS ) | |
| NATIONAL CREDIT UNION ADMINISTRATION) | |
| NEIGHBORHOOD PATROL, INC. ) | |
| ROQUEMORE & ROQUEMORE, INC. ) | |
| RODNEY ROQUEMORE (Individual), ) | |
| ) | |
| Counter-Claim Defendants. ) | |

**Entry (1) Discussing Motion to Dismiss of National Credit
Union Administration, (2) Discussing Motion for Leave to Amend
Third-Party Complaint, and (3) Remanding Action to State Court**

This cause is before the court on the motion to dismiss of the National Credit Union Administration ("NCUA"), directed to the third-party complaint filed against it in this case. In addition, the court has considered the third-party plaintiffs' motion to amend.

Whereupon the court, having considered the pleadings and the motions just described, and being duly advised, now finds that **the motion to dismiss must be granted** and that **the motion to amend must be denied.** In addition, the court concludes that, because the effect of these rulings is to extinguish the basis on which the action was removed or could be removed to federal court, the remaining claims must be remanded to the state court from which it was removed. This conclusion is based on the following facts and circumstances:

**The NCUA's Motion to Dismiss**

1.     The NCUA is a federal agency tasked with regulating much of the credit union industry. *McCollum v. National Credit Union Admin.,* 417 F.3d 1332, 1334 (Fed.Cir. 2005). The NCUA is an independent federal agency which regulates, supervises, and insures both federal credit unions and federally insured state-chartered credit unions, pursuant to its authority under the Federal Credit Union Act, 12 U.S.C. §§ 1751-1795k. The NCUA operates through six regional offices, each managed by a regional director who reports to the three-member board that heads the agency. 12 C.F.R. § 790.2. The NCUA board members are appointed by the President of the United States. 12 U.S.C. § 1752a(b).  The principle method by which the NCUA carries out its supervisory responsibilities is through annual, on-site examinations of credit unions. 12 U.S.C. §§ 1756, 1784. The examinations are conducted by NCUA examiners from regional offices who thoroughly review documentation and prepare financial reports. Id. § 1784(a). The examiners provide a written report of the examination to the credit union identifying problem areas, if any, for the credit union to address, and the examiners discuss the problems with credit union officials.

2.     The third-party plaintiffs in this action are Victor Wakley and Julie Wakley. Their claim against the NCUA is that this agency, through its employees, negligently failed to perform the duties imposed on it by the Federal Credit Union Act. The Wakleys' and the NCUA agree that the Wakleys' claim against the NCUA is actionable, if at all, only pursuant to provisions of the Federal Tort Claims Act ("FTCA"), which permits claims based upon misconduct which is tortious under state law.  28 U.S.C. §§ 1346(6), 2680. *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985).

3.     This action originated in an Indiana state court and was removed to this court by the NCUA. Once removed, the NCUA filed a motion to dismiss pursuant to Rule 12(b)(1) of the *Federal Rules of Civil Procedure*. The United States seeks dismissal of this action for lack of subject matter jurisdiction. Subject matter jurisdiction "defines the court's authority to hear a given type of case." *United States v. Morton,* 467 U.S. 822, 828 (1984).

Because "[s]ubject-matter jurisdiction is the first question in every case . . . if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). Under Rule 12(b)(1) of the *Federal Rules of Civil Procedure*, a defendant may move to dismiss claims over which a federal court has not been conferred subject matter jurisdiction. On motions raising jurisdictional grounds for dismissal, the court can resolve factual disputes if necessary and appropriate. *See English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993); *Weidner Communications, Inc. v. H.R.H. Prince Bandar Al Faisal,* 859 F.2d 1302, 1310 n.11 (7th Cir. 1988); *Crawford v. United States,* 796 F.2d 924, 928-29 (7th Cir. 1986). Where appropriate, factual determinations may be made on documentary submissions. *See id.*, 796 F.2d at 929. Any rational mode of inquiry will do. *Id.*

4. The United States cannot be sued without its consent, which is a prerequisite to the federal courts' exercise of jurisdiction. *See United States v. Mitchell,* 463 U.S. 206, 212 (1983). The terms of its consent define the extent of a federal court's jurisdiction. *United States v. Dalm,* 494 U.S. 596, 608 (1990); *United States v. Sherwood,* 312 U.S. 584, 586 (1941), and that consent must be expressly stated and narrowly construed in its favor. *Id.* at 590; *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33 (1986). If sovereign immunity applies, a court lacks subject matter jurisdiction. *See United States v. Testan,* 424 U.S. 392, 399 (1976).

5. The FTCA bars any tort claim against the United States unless two filing periods have been satisfied. First, the claim must be filed within two years of the date of its accrual with the appropriate federal agency. Second, it must be filed as a civil action within six months after the federal agency mails its final denial of the claim. 28 U.S.C. §2401(b).

6. The Wakleys' concede that the NCUA is not the proper defendant in an action under the FTCA. Their position on that point is correct. *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982). This fact alone compels that the NCUA's motion to dismiss be **granted.** The Wakleys' further request that they be permitted to file an amended complaint properly naming the United States as the defendant in relation to the allegation of negligence on the part of the NCUA was addressed at the pretrial conference of January 5, 2007.

7. As to the notice provisions, the NCUA has submitted the affidavit of Associate General Counsel Allan Meltzer reciting that as of November 1, 2006, "no FTCA administrative claim has been filed by Victor Wakley and Julie Wakley, or any agent on their behalf, related to any matters arising out of the incidents described in the Complaint [sic: the third-party complaint] filed in this action." The Wakleys' respond with their claim that they notified various federal agencies of their concerns relating to the subject matter of their claim against the NCUA. They do not, however, make a viable showing that a claim was filed with the NCUA as required by § 2401(b), although they bear the burden of proving compliance with the requirements of that statute. *McCall ex rel. Estate of Bess v. United States,* 310 F.3d 984, 987 (7th Cir. 2002). In the absence of such compliance, a district court lacks subject matter jurisdiction over the Wakleys' claim, because the conditions required to invoke the FTCA's limited waiver of the United States' sovereign immunity have

not been met, and without that waiver the United States cannot be sued. *Coska v. United States,* 114 F.3d 319, 323 (1st Cir. 1997).

      8.    Subject matter jurisdiction "defines the court's authority to hear a given type of case." *United States v. Morton,* 467 U.S. 822, 828 (1984). Where the court lacks jurisdiction over the subject matter, its only proper course is to note the absence of jurisdiction and dismiss the case on that ground. *Steel Co. v. Citizens for a Better Environment*, 118 S. Ct. 1003, 1012 (1998); *Cook v. Winfrey,* 141 F.3d 322, 324-326 (7th Cir. 1998). That is the disposition required of the claim against the NCUA in this action. The United States' motion to dismiss for lack of jurisdiction is **granted.** Given this resolution on the grounds discussed, it is unnecessary to discuss the United States' further argument that it was not properly served with process in this case.

**The Wakleys' Motion for Leave to Amend**

      9.    The Wakleys' motion for leave to amend their third-party complaint, filed on January 26, 2007, seeks to revive their claim under the FTCA by asserting such claim against the United States.

      10.    Although Rule 15(a) of the *Federal Rules of Civil Procedure* directs courts to freely permit leave to amend "when justice so requires," the rule does not require that leave be granted in every case. *Park v. City of Chicago,* 297 F.3d 606, 612 (7th Cir. 2002). In particular, "the court should not allow the plaintiff to amend his complaint when to do so would be futile." *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993).

      a.    In this case, the re-assertion of a claim against the NCUA through the FTCA warrants no amendment. The Wakleys' proposed amendment would remedy their initial failure to name the United States as defendant, but would not overcome the fatal deficiency that they failed to comply with the notice requirement of § 2401(b). This would thus subject the proposed amended complaint to the same jurisdictional deficiency discussed in paragraph 8 of this Entry. The denial of leave to amend is appropriate under these circumstances. *Perkins v. Silverstein,* 939 F.2d 463, 472 (7th Cir. 1991) ("To hold otherwise would impose upon the defendants and the courts the arduous task of responding to an obviously futile gesture on the part of the plaintiffs."). The proposed amended complaint does not state a viable claim for relief against the United States.

      b.    Based on the foregoing, therefore, the Wakleys' motion for leave to amend, filed on January 26, 2007, is **denied**.

**Remand of Claims to the Marion Superior Court**

      11.    The only claim as to which this court would have had original jurisdiction has been resolved. When a district court dismisses the claims over which it had original jurisdiction, it has discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. § 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,*

140 F.3d 716, 717 (7th Cir.), *cert. denied,* 119 S. Ct. 167 (1998); *Wright v. Associated Insurance Cos., Inc.,* 29 F.3d 1244, 1250 (7th Cir. 1994).

    a.    The general rule under these circumstances is to dismiss the pendent state law claims. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)).

    b.    The general rule will be followed here, and applying the general rule dictates that the state law claims be **dismissed for lack of jurisdiction.** Because the action had been removed from a state court, however, the proper course is to remand the action (sans claim against the NCUA) to the Marion County Superior Court.

12.    Final judgment consistent with the court's ruling on the NCUA's motion to dismiss, together with a separate order remanding the remaining claims, shall now issue. When the remand has been docketed in the state court, the parties should alert that court to the number and nature of pending motions.

    **IT IS SO ORDERED**.

Date: 01/30/2007

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana